UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN D. BREWER
a/k/a MICHAEL GREEN,

    Plaintiff,

v.

ALTA BATES SUMMIT
MEDICAL CENTER; et al.,

    Defendants.
                                   /

No. C 08-3149 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

    Kevin D. Brewer a/k/a Michael Green, currently an inmate at the Alameda County Jail, filed a pro se civil action. This action is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

    Brewer filed a complaint using the court's form for a civil rights action under 42 U.S.C. § 1983. He then filed two motions to amend (see docket # 5 and # 11) and numerous documents that were pleading-type documents, such as the complaint, amended complaint, supplements to complaint, amendments to complaint, and lists of citations pertaining to his claims (see docket # 1, # 12, # 13, # 15, # 16, # 17, # 19, # 21, and # 22.) The court will grant Brewer's motions to amend and will treat the most recent and most complete pleading as the operative amended complaint, i.e., the document at docket # 21 plus the addendum filed as docket # 22. The

document at docket # 21 is actually two documents in one: the first 16 pages are a complaint for damages for medical malpractice and the next 10 pages are a civil rights complaint under 42 U.S.C. § 1983. The document at docket # 22 supplements docket # 21 in that it is a request for exemplary damages.

In his amended complaint, Brewer complains about having a medical procedure on his thumb that unexpectedly resulted in a partial amputation of that thumb. He alleges the following: On November 18, 2007, Brewer was admitted to Alta Bates Medical Center for an incision and drainage of his right thumb. On November 20, 2007, the incision and drainage procedure was performed by Dr. Yu, during which time Brewer was unconscious. Due to defendants' alleged negligence, Brewer had to have a right thumb partial amputation during that procedure. Brewer refers to the doctrine of res ipsa loquitur throughout his amended complaint, as an apparent basis on which to hold defendants liable. It cannot be determined from the amended complaint whether Brewer was in custody at the time of the incident, i.e., whether he went to the hospital as a jail inmate or a free citizen.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Even if § 1915A does not apply – as, for example, occurs when the prisoner-plaintiff does not seek redress from a governmental entity or officer or employee of a governmental entity – § 1915 permits the court to review a complaint filed in forma pauperis, and dismiss the action if the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal courts are courts of limited jurisdiction. As relevant here, the court only has

2

jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court if a claim is stated under § 1983; if the amended complaint does not state a claim under § 1983, the plaintiff has to start over and file a new action in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a person acting under the color of state law (2) violated a right secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48 (1988). Brewer's amended complaint fails on both prongs.

First, Brewer has not alleged that any defendant was a person acting under the color of state law. A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Brewer's § 1983 claim fails because the alleged wrong was not done by a state actor. If Alta Bates or Dr. Yu or some other one of the defendant health care providers was under contract to provide services for the jail, that entity or person might be a state actor, but even if so, that would only take care of one of the two parts required for a § 1983 action.

Second, Brewer's amended complaint does not allege a violation of a right secured by the Constitution or laws of the United States. The facts he alleges show, at most, negligence by the surgeon who operated on him. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an

3

Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition. Even with liberal construction, the amended complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually know of and act in conscious disregard of a known serious risk. The amended complaint plainly shows that Brewer does not know what went wrong that caused him to have a partial amputation, but only that it was not what he expected or consented to when he signed up for an incision and drainage of his right thumb. This, in turn, shows that he would not be able to amend to allege an Eighth or Fourteenth Amendment claim. The amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

Brewer may have a negligence claim, but that must be pursued in state court if it is pursued anywhere. Brewer requested that a lawyer be appointed to help him proceed with his action. This court will not appoint a lawyer for him because this action is being dismissed and this court does not appoint lawyers to represent plaintiffs in state court. If Brewer wants to try to obtain a lawyer to help him with a state court action, he may try to write to local bar associations (i.e., the local lawyers' associations) or to the local superior court to see if it has a lawyer referral service or can provide him with forms to use in that court. Finally, Brewer should act diligently to preserve his legal rights in state court.

B.  Plaintiff's Miscellaneous Motions

Plaintiff's motions to amend his complaint are GRANTED. (Docket # 5, # 11.) The court has treated plaintiff's most recent pleading, his amended complaint, as the operative pleading.

Plaintiff's motion to be brought to the courthouse for all civil proceedings, motion for pro per status at the jail, motion for appointment of counsel, motion for a ruling on the defendants being served, and motion to compel jailers to provide a book on California torts are DENIED as moot. (Docket # 8, # 9, # 10, # 20, and # 23.)

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED without leave to further amend. The dismissal of this action is without prejudice to plaintiff filing a new action in state court.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 26, 2009

                                              SUSAN ILLSTON
                                     United States District Judge